## UNITED LIFE & ACCIDENT INS. CO. v. SCALLAN.

No. 5482.

Court of Appeal of Louisiana.
Second Circuit.

June 1, 1937.

Philo Coco, of Marksville, for appellant.

Samuel Moreau, of Marksville, for appellee.

DREW, Judge.

Plaintiff alleged it was the owner of 37½ arpents of land in Avoyelles parish, La., described as follows:

"A certain tract or parcel of land situated in that part of Avoyelles parish called the 'Cote Droite,' having a front of 2½ arpents on the line separating the aforesaid tract from the property of Appolonaire Laborde and Severe H. Laborde, on a depth of 15 arpents toward the Prairie and containing 37½ arpents, bounded north by lands of widow J. J. Bordelon, south by lands of Appolonaire Laborde and Severe H. Laborde, east by J. Bt. Laborde, Jr., and west by lands of Miss Lufroy Mayeux. It being the same inherited from the estate of their deceased mother, Aurore St. Romain, lying in section 67, T. I. N., R. 4 E., by the vendors."

It further alleged:

"Your petitioner shows that through its duly authorized agent and representative, Thompson Henderson, it leased to one, Arthur Scallan, of the parish of Avoyelles, La., the above described property for the year 1936 for a consideration of one-fourth of all of the crops grown on the cultivated premises; that said lease was to permit the said Arthur Scallan to farm and cultivate the land and grow crops thereon for the year 1936.

"Your petitioner shows further that after the expiration of the lease above referred to, it notified the said Arthur Scallan to deliver up possession of the leased premises; that it did not wish to renew said lease for another year; that said notice was given in accordance with the provisions of article 2688 [2686] of the Civil Code, to-wit: by registered letter addressed to Arthur Scallan, Mansura, La., on the 12th day of January, A. D., 1937, as will appear by reference to copy of said notice and registered return receipt hereto attached and made a part hereof.

"That the said Arthur Scallan, lessee, has failed to comply with said notice to vacate and deliver up possession of the above property; that your petitioner desires and is entitled to the summary process provided by law to dispossess the said tenant."

It prayed for a rule to issue upon defendant ordering him to show cause why he should not be condemned to vacate the premises; for judgment ordering him to vacate within twenty-four hours after its rendition, and upon his failure to do so, that a writ of possession issue commanding the sheriff of Avoyelles parish to eject him.

Defendant in answer admitted that plaintiff was the owner of the property described in its petition. He further answered as follows:

"In answer to article 2, respondent in rule admits that he dealt and leased the property described in plaintiff's petition under article 1 through Mr. Thompson Henderson, representing himself as the agent of plaintiff, for the year 1936, for a consideration as recited in said article and for the purpose of cultivating said property and grow crops thereon for said year.

"Further answering, your respondent in rule avers that some time during the month of October, 1936, at his home, the said Thompson Henderson entered into an agreement acceptable by your respondent, which was closed, wherein he rented to respondent the premises as described in plaintiff's petition for the year 1937, for a like consideration as that of 1936, which was in the presence of respondent's wife and daughter, or within their hearing. That relying upon this contract and agreement to cultivate the said property for the year 1937, respondent proceeded to prepare his soil in the fall of the year, and made no further effort to obtain property for him to cultivate for said year 1937, being fully convinced and satisfied that the plaintiff would live up to its contract of lease and agreement.

"Answering further, your respondent in rule avers that prior to the filing of this suit, the agent for plaintiff was notified by the defendant through his attorney that he did not intend to vacate the property, because of the contract of lease hereinabove entered into for the year 1937, but in the event the plaintiff wanted the defendant to vacate the property, he would accept $250.00 in payment of damages to which he was subjected. As a further sign of good faith and understanding, respondent has placed considerable and valuable improvements upon said property, at his own cost, and all to the knowledge of the plaintiff and its representative, Mr. Henderson.

"Respondent further avers he was at one time notified or advised that the plaintiff by Act of Sale had conveyed this particular property to Joe Michel, whom respondent advised he would not vacate the property for the year 1937, because of same having been leased to him for said year 1937.

"In answer to article 3, your respondent admits receiving a notice not in conformity with the law governing possession of leased premises or according to the law governing such notices. Respondent denies the expiration of the lease as referred to in said article.

"In answer to paragraph 4 of said petition, respondent avers that because of his contract of lease for the year 1937, he refused* to vacate the possession of the leased premises and denies that the said plaintiff is entitled to possession thereof.

"Averring further, respondent shows that it is the purpose of the plaintiff in rule to evict him and deliver possession of the leased premises herein to the contemplated purchaser, irrespective of the contract of lease had and entered into by the plaintiff with the defendant. That the said plaintiff has caused and exposed your respondent to useless worries, expenses and damages, for which it is liable.

"And now assuming the character of plaintiff in reconvention, your reconvenor shows that he has been damaged by the improper demand made upon him by the plaintiff in the sum of $325.00. $75.00 to secure services of counsel to represent him; $150.00 for loss of time in his field work; and $100.00 for loss of time and worry, together with humiliation, for which the plaintiff is indebted unto him, together with interest thereon at the rate of 5% per annum from judicial demand until paid."

On these issues the case was tried below and there was judgment rejecting plaintiff's demands and rejecting the demands of defendant in reconvention. From this judgment, plaintiff has perfected this appeal and defendant has answered the appeal praying that the judgment be amended by allowing him judgment in reconvention, as prayed for.

■ It is admitted by all that Mr. Henderson was the agent for plaintiff, in full control and with full authority to handle all the properties belonging to plaintiff in that vicinity, in so far as the leasing of them and collecting of rents. He leased the property in question to defendant for the year 1935 for one-fourth of the cotton and corn raised thereon. This lease was in writing. He leased the same property to defendant orally and for the same rent for the year 1936; and defendant contends that in the latter part of August, 1936, at his home, Mr. Henderson rented the place to him on the same terms for the year 1937. Defendant swears to this fact and is corroborated by his fourteen year old daughter. There is no direct contradiction of their testimony. Mr. Henderson admits being at defendant's house at the time; is not positive as to what he told defendant, but admits the question of rent for 1937 was the topic of conversation. He states the rule of plaintiff is not to close a rent contract until December and that all tenants are told that the lease lasts only if the property is unsold. He is not sure he told that to defendant, but thinks he did because it was a rule of plaintiff's.

Defendant remained on the place, made some improvements and preparations for farming another year, and the first notice he had that he did not have a lease on the place for 1937 was about the middle of January, 1937, when he was notified to vacate the premises, which he refused to do.

It is clear from the above-stated testimony that defendant entered into a bona fide contract with plaintiff's authorized agent to lease the place for 1937. However, if we should take the version of Mr. Henderson as to the contract, it could avail plaintiff nothing. If the contract of lease was subject to the place being sold, plaintiff could not evict defendant for there is no evidence to show a sale of the place and, to the contrary, the first paragraph of plaintiff's petition negatives a sale. It states unequivocally that plaintiff is the owner in full of the property occupied by defendant. We deem it unnecessary to further discuss the claim of plaintiff.

The judgment of the lower court rejecting plaintiff's demands is correct.

■ We are of the opinion that defendant in reconvention has failed to prove any actual damage and we know of no law which allows an award for attorney's fees in cases of this kind.

The judgment of the lower court is affirmed, with costs.